IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

August 18, 2023 04:39 PM
SX-2022-CR-00096
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**People of the Virgin Islands v.**
**Juan M. Aponte, Jr.**

Case Number: **SX-2022-CR-00096**
Charges: **14 V.I.C. 2253(a) - Possession Of An Unlicense Firearm**
**14 V.I.C. 2253(E) - Unauthorized Possession of a Firearm in a Vehicle**
**14 V.I.C. 2256(a) - Possession Or Sale Of Ammunition**
**23 V.I.C. 479(a) - Illegal Discharge of a Firearms**

## NOTICE of ENTRY
## of
## <u>Memorandum Opinion and Order</u>

**To:** William A. Appleton, Jr., Esq.                    Ramiro Orozco, Esq.

**Please take notice that on August 18, 2023**
**a(n)  Memorandum Opinion and Order Denying Defendant's**
**Motion to Dismiss and Scheduling Calendar Call**
**dated      August 17, 2023      was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:** August 18, 2023

Tamara Charles

**Clerk of the Court**

By:

Iris Cintron
**Court Clerk Supervisor**



**FILED**
August 17, 2023 04:27 PM
SX-2022-CR-00096
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | |
| **Plaintiff,** | **SX-2022-CR-00096** |
| vs. | |
| **JUAN APONTE, JR.,** | **CITE AS: 2023 VI SUPER 51** |
| **Defendant.** | |

**Appearances:**

**William A. Appleton, Jr., Esq.**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Ramiro Orozco, Esq.**
Office of the Territorial Public Defender
St. Croix, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Administrative Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant Juan Aponte Jr.'s (hereinafter "Defendant") motion to dismiss, filed on June 22, 2022. On August 5, 2022, the People of the Virgin Islands (hereinafter "People") filed an opposition in response.

## BACKGROUND

¶ 2    On May 9, 2022, the People filed a four-count information against Defendant for the events that allegedly took place on or about April 24, 2022 as set forth in the affidavit of police detective Jaleesa Gonzalez, dated May 4, 2022. The information charged Defendant with the following counts:

> Count One. Juan Aponte, Jr., did, when not authorized by law, possess a 9mm Glock pistol, model no. 19 with serial number DL-108, in violation of Title 14 V.I.C. § 2253(a) (UNAUTHORIZED POSSESSION OF A FIREARM).

> Count Two. Juan Aponte, when not authorized by law, possessed a 9mm Glock pistol, model no. 19 with serial number DL-108, in a black Range Rover bearing license plate

number CGO-470, in violation of Title 14 V.I.C. § 2253(e) (UNAUTHORIZED POSSESSION OF A FIREARM IN A VEHICLE).

<u>Count Three</u>. Juan Aponte, Jr., when not authorized by law, did possess firearm ammunition, in violation of Title 14 V.I.C. § 2256(a) (POSSESION OF AMMUNITION).

<u>Count Four</u>. Juan Aponte, Jr., willfully discharged a firearm in a public place where there was a person who may be injured, thereby, although no injury to any person ensued, in violation of Title 23 V.I.C. § 479(a) (DISCHARGING OR AIMING A FIREARM).

(Information.)

¶ 3    On July 22, 2022, Defendant filed this instant motion to dismiss Count One, Count Two, and Count Three. On August 5, 2022, the People filed their opposition thereto. On August 12, 2022, the parties appeared before the Court for oral arguments on Defendant's motion to dismiss and took the matter under advisement. On November 18, 2022, the parties appeared for a hearing before the Court and the Court denied Defendant's motion to dismiss. This Order will serve to explain the basis of the Court's ruling and memorialize in writing the verbal ruling given at the November 18, 2022 hearing.

## DISCUSSION

¶ 4    In his motion, Defendant argued that Count One, Count Two, and Count Three should be dismissed because Chapter 113 of Title 14 of the Virgin Islands Codes[1] is unconstitutional in that it denies citizens the right to keep and bear arms."[2] Defendant made the following assertions in support of his argument: (i) "The Second Amendment protect an individual's right to carry a handgun for self-defense outside the home and possess ammunition for said gun is guaranteed and not subject to the Territory's unchanneled discretion requiring that citizens seek application and

---

[1] In his motion, it was unclear which specific sections of the Virgin Islands Code Defendant referenced—to wit, Defendant stated that "Chapter 13 of the 2019 US Virgin Island Code is unconstitutional in that it denies citizens the right to keep and bear arms." (Motion 1.) Nevertheless, based on the substance of Defendant's motion, the Court deduced that Defendant referenced Chapter 113 of Title 14 of the Virgin Islands Code, which includes the charging statutes in this matter.

[2] Defendant referenced: *New York Rifle & Pistol Assn., Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

review by a licensing official" and "[a]s such, no citizen is subject to 14 V.I.C. § 2253(a) making it a crime to possess a firearm, 14 V.I.C. § 2253(e) making it a crime to possess a firearm in a vehicle nor 14 V.I.C. § 2256(a) which makes it a crime being in possession of ammunition." (Motion 1.); (ii) "[A]ny effective ban on ammunition and those weapons be kept unloaded and locked up is also unconstitutional."[3] (Id.); (iii) "The purpose of the US Virgin Island Codes prohibits people from having weapons in a condition to be used in and for self-defense." (Id., at 1-2); (iv) "While the Territory can regulate whether the weapons are carried concealed or open carry, to prohibit the possession in a manner that requires the joining of a 'club' and in requiring the specificity of a 'special need' is blatantly unconstitutional." (Id., at 2); (v) "The legislative restrictions as set forth by the Territory by its unreasonable restrictive application process and in essence creates a constructive ban." (Id.); and (vi) "Any restriction of an individual constitutional rights requires strict scrutiny and these draconian firearms statutes requiring that firearms in the home be kept nonfunctional even when necessary for self-defense violates the Second Amendment."[4]

¶ 5    In their opposition, the People argued that Defendant's motion should be denied. The People made the following assertions in support of their argument: (i) Defendant's motion was based on "Defendant's improper reading of the caselaw and the United States Constitution." (Opp. 4); (ii) The *Bruen* case Defendant relied on is inapplicable to this case—to wit, "[t]he Supreme Court's decision in Bruen is narrow and specific" and "the [Supreme] Court's holding did not invalidate all gun law restrictions or who may lawfully possess a firearm, but narrowly held that a State may not enforce a law, like New York's Sullivan Law, that effectively prevents law abiding

---

[3] Defendant referenced: *District of Columbia v. Heller*, 554 U.S. 570 (2008).

[4] Defendant referenced: *Parker v. D.C.*, 478 F. 3d 370, 401 (2007).

residents from carrying a gun [to defend themselves] outside the home." (Id., at 4-5); (iii) "Because the Defendant never subjected himself to the Virgin Islands firearms licensing statute, he essentially lacks standing and cannot now argue that he was improperly denied a license under that same statute for any reason" and "because the Defendant does not have standing to challenge the constitutionality of the licensing statute, he cannot use the potentially unconstitutional subjective language of the Virgin Islands licensing statute to avoid liability for the unauthorized possession charges."[5] (Id., at 5-6); and (iv) Title 23 V.I.C. §§ 455-458[6] are not unconstitutional, any offending provision found to be unconstitutional can be excised from the statute [pursuant to Virgin Islands Title 1 V.I.C. §51], preserving the remainder with full force and effect." (Id., at 6-7.)

¶ 6    In this instance, Defendant essentially argued that Count One, Count Two, and Count Three should be dismissed since the charging statutes therein are unconstitutional given that the U.S. Virgin Islands firearm regulatory scheme, Title 23 V.I.C. § 451 *et. seq.*, are unconstitutional in violation of the Second Amendment to the Constitution of the United States.[7] (Motion.) The Court will first address the threshold issue of Defendant's standing to challenge the constitutionality of the U.S. Virgin Islands firearm regulatory scheme.

---

[5] The People referenced: *LeBlanc v. People of the V.I.*, 56 V.I. 536 (V.I. 2012); *People v. Rodriguez*, 2022 N.Y. Misc. LEXIS 3092 *3 (N.Y. 2022); *McIntosh v. People of the V.I.*, 57 V.I. 669, 687-88 (V.I. 2012) (citing *Hightree v. People*, 55 V.I. 947, 953 n. 1 (V.I. 2011) (holding that to assert standing to challenge a statute a as unconstitutional, a litigant must show that he suffered an actual or threatened injury)).

[6] Title 23 V.I.C. §455 is titled "Application for license; form, oath; fees"; Title 23 V.I.C. §456 is titled "Qualifications of applicant"; Title 23 V.I.C. §456a is titled "Persons ineligible to possess or carry firearms or ammunition"; Title 23 V.I.C. §457 is titled "Contents of license"; and Title 23 V.I.C. §458 is titled "Grounds for refusing to issue license."

[7] "The Second Amendment to the Constitution is made applicable to the Virgin Islands by section 3 of the Revised Organic Act of 1954. 48 U.S.C. § 1561." *Sonson v. People of the V.I.*, 59 V.I. 590, 606 n.7 (V.I. 2012). The Second Amendment states that "[a] well-regulated militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

### 1. Whether the People Timely Raised the Issue of Defendant's Standing

¶ 7    In *United Corp. v. Hamed*, the Virgin Islands Supreme Court reaffirmed "that 'standing' — as that concept is understood in federal constitutional law — does not exist in any form in Virgin Islands courts" and noted that they have "reaffirmed this abrogation [of *Arlington Funding*'s standing discussion] numerous times since, stating most recently that "standing is at best a non-jurisdictional claims-processing rule in Virgin Islands courts, since Article III of the United States Constitution does not apply to local courts and no provision of Virgin Islands law includes a case-or-controversy requirement." 64 V.I. 297, 304 (V.I. 2016) (citations omitted). As such, standing "functions in the courts of the Virgin Islands as a claims processing rule that is subject to waiver should the party asserting the issue fail to raise it in a timely manner." *Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 564-55 (V.I. 2012); *see George v. People of the V.I.*, 69 V.I. 553, 558 (V.I. 2018) ("[I]nthe Virgin Islands, the doctrine of standing imposes no limitation on the jurisdiction of the territorial courts, but rather functions only as a claims-processing rule, grounded in principles of judicial restraint.") (citing *Benjamin*, 56 V.I. at 564-65). "[B]ecause claims-processing rules are equivalent to the statute of limitations and other affirmative defenses, litigants who seek to invoke a claims-processing rule … must do so at the first opportunity." *In re Guardianship of Smith*, 54 V.I. 517, 520 n.5 (V.I. 2010).

¶ 8    In this instance, Defendant filed his motion on July 22, 2022 challenging the constitutionality of the charging statutes and the U.S. Virgin Islands firearm regulatory scheme, and the People filed their opposition thereto on August 5, 2022 raising, *inter alia*, the issue of Defendant's standing. As such, the Court finds that the People timely raised the issue of standing at the earliest opportunity, and therefore this claims processing rule was not waived. *See Benjamin*, 56 V.I. at 564-65; *see also, In re Guardianship of Smith*, 54 V.I. at 520 n.5.

**2. Whether Defendant has Standing to Challenge the U.S. Virgin Islands Firearm Regulatory Scheme**

¶ 9    In *United Corp.*, the Virgin Islands Supreme Court clarified that "whether the party bringing suit ha[s] a right to the relief it [i]s seeking … goes to the merits of the cause of action — not the Superior Court's authority to hear the case in the first place." *United Corp.*, 64 V.I. at 304. Thus, "standing in the Virgin Islands challenges whether a plaintiff has stated a claim for relief." *Hess Oil V.I. Corp. v. Fluor Daniel*, 72 V.I. 676, 697 (V.I. Super. Ct. April 8, 2020); *cf. George*, 69 V.I. at 561 ("As applied to the doctrine of standing, principles of judicial restraint generally counsel that courts should refrain from adjudicating disputes where no party has yet suffered any injury as such adjudication is, in a sense, unnecessary. On this theory, the resolution of such disputes is more prudently deferred until all relevant issues, including the injuries or damages actually suffered by the parties, may be presented together for resolution by the court.")

¶ 10    In this instance, Defendant was charged with committing a crime under Title 14 V.I.C. § 2253(a) in Count One, Title 14 V.I.C. § 2253(e) in Count Two, and Title 14 V.I.C. § 2256 in Count Three, and not under the U.S. Virgin Islands firearm regulatory scheme, Title 23 V.I.C. § 451 *et. seq.*, and while Defendant challenged the constitutionality of the U.S. Virgin Islands firearm regulatory scheme, Defendant never attempted to obtain a firearm license in the U.S. Virgin Islands and thereby, Defendant was never denied a firearm license in the U.S. Virgin Islands. Given that Defendant did not suffer an injury traceable to the challenged statutes—the U.S. Virgin Islands firearm regulatory scheme, Title 23 V.I.C. § 451 *et. seq.*—Defendant has not stated a claim for relief, and thereby, Defendant lacks standing to contest their constitutionality. *Cf. Poulos v. New Hampshire*, 345 U.S. 395, 409 n.13 (1953) ("A close parallel exists between unlawful refusals and failure to apply for license on the ground that such application would be unavailing. Such a defense is not allowed. 'It is well settled that where a licensing ordinance, valid on its face, prohibits certain

conduct unless the person has a license, one who without a license engages in that conduct can be criminally prosecuted without being allowed to show that the application for a license would have been unavailing... In short, the individual is given the choice of securing a license, or staying out of the occupation, or, before he acts, seeking a review in the civil courts of the licensing authority's refusal to issue him a license. Likewise in the case at bar the defendants are given the choice of complying with the regulation, or not engaging in the regulated activity, or, before they act, petitioning the appropriate civil tribunals for a modification of or exception from the regulation.'"). Given the Court's finding, the Court need not reach the merits of Defendant's argument challenging the constitutionality of the charging statutes for Count One, Count Two, and Count Three—which was based on his argument that the U.S. Virgin Islands firearm regulatory scheme are unconstitutional—and deny Defendant's motion to dismiss Count One, Count Two, and Count Three.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Defendant's motion to dismiss, filed on June 22, 2022, is **DENIED. And** it is further:

**ORDERED** that a Zoom Calendar Call is scheduled on September 15, 2023, at 9:00 a.m.

**DONE and so ORDERED this** \_\_17th\_\_ **day of August, 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor
Dated: \_\_August 18, 2023\_\_

HAROLD W.L. WILLOCKS
**Administrative Judge of the Superior Court**